

**United States Department of**

*William J. Powell*
*United States Attorney*
*Northern District of West Virginia*

Derek W. Hotsinpiller Federal Building
320 West Pike Street        Phone: (304) 623-7030
Suite 300                          FAX:  (304) 623-7031
Clarksburg, WV  26301

July 23, 2019

**VIA EMAIL**
Deanna L. Pennington
PO Box 142
Morgantown, WV 26507
deannap265@aol.com

**FILED**

SEP 0 5 2019

U.S. DISTRICT COURT-WVND
CLARKSBURG. WV 26301

     Re:    *United States v. Andrew Parker*
           Criminal No. 1:19CR31-6

Dear Ms. Pennington:

     This will confirm conversations with you concerning your client, Andrew Parker, (hereinafter referred to as Mr. Parker).

     All references to the "Guidelines" refer to the guidelines established by the United States Sentencing Commission, effective November 1, 1987, as amended.

     It is agreed between the United States and your client as follows:

     1.    Mr. Parker will plead guilty to Count Five of the Indictment, charging him with Aiding and Abetting Distribution of Cocaine Base, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(c), and Title 18, United States Code, Section 2.

     2.    The maximum penalty to which Mr. Parker will be exposed by virtue of his plea of guilty, as stated in paragraph 1 above, is a term of imprisonment of not more than twenty (20) years, a fine of not more than $1,000,000.00, or both, a period of supervised release of at least three (3) years, and a special mandatory assessment of $100.00 (18 U.S.C. §3013), which must be paid before the date of sentencing by money order or certified check, made payable to the United States District Court.  It is understood that Mr. Parker might be required by the Court to pay the costs of his incarceration.

_____
Andrew Parker

_____
8/22/19
Date

_____
Deanna L. Pennington
Counsel for Mr. Parker

_____
8/22/2019
Date

Deanna L. Pennington
July 23, 2019
Page 2

3.    Mr. Parker will be completely forthright and truthful with federal officials in the Northern District of West Virginia and elsewhere with regard to all inquiries made of him and will give signed, sworn statements and grand jury and trial testimony relative thereto. Mr. Parker will agree to submit to a polygraph examination if requested to do so by the United States Attorney's Office for the Northern District of West Virginia.

4.    Nothing contained in any statement or any testimony given by Mr. Parker, pursuant to paragraph 3, will be used against him as the basis for any subsequent prosecution. It is understood that any information obtained from Mr. Parker in compliance with his cooperation agreement will be made known to the sentencing Court; however, pursuant to Guideline 1B1.8, such information may not be used by the Court in determining Mr. Parker's applicable guideline range. However, this agreement does not prevent Mr. Parker from being prosecuted for any violations of other Federal and state laws he may have committed should evidence of any such violations be obtained from an independent legitimate source, separate and apart from that information and testimony being provided by him pursuant to the agreement. In addition, nothing contained in the agreement shall prevent the United States from prosecuting Mr. Parker for perjury or the giving of a false statement to a federal agent, if such a situation should occur by virtue of him fulfilling the conditions of paragraph 3 above.

5.    At final disposition, the United States will advise the Court of Mr. Parker's forthrightness and truthfulness, or failure to be forthright and truthful, and ask the Court to give the same such weight as the Court deems appropriate. At sentencing, the United States will move to dismiss the remaining counts in the indictment against Mr. Parker.

6.    There have been no representations whatsoever by any agent or employee of the United States, or any other law enforcement agency, as to what the final disposition in the matter should and will be. This agreement includes nonbinding recommendations by the United States, pursuant to Rule 11(c)(1)(B); however the defendant understands that the Court is not bound by these sentence recommendations, and that the defendant has no right to withdraw a guilty plea if the Court does not follow the sentencing recommendations set forth in the plea agreement.

7.    Provided the defendant pays the $100.00 special assessment fee on or before the day of sentencing, and provided the United States Probation Office recommends, the United States will make the following nonbinding recommendations: 1) if, in the opinion of the United States

_____
Andrew Parker

_____    8/22/19
                            Date

_____
Deanna L. Pennington
Counsel for Mr. Parker

_____    8/22/2019
                            Date

Deanna L. Pennington
July 23, 2019
Page 3

Attorney's Office, the defendant accepts responsibility, or if the probation office recommends a two-level reduction for "acceptance of responsibility," as provided by Guideline 3E1.1, the United States will concur in the recommendation; 2) should the defendant give timely and complete information about his own involvement and provide timely notice of his intent to plead guilty, permitting the United States to avoid trial preparation, and comply with all the requirements of the agreement, the United States will recommend an additional one level for timely acceptance of responsibility, if applicable, if the agreement is executed and returned to the United States Attorney's Office by **3:00 p.m.** on **August 7, 2019**, and 3) the United States will recommend that any sentence of incarceration imposed should be at the lower end of the applicable guideline range.

8.      Pursuant to Sections 6B1.4 and 1B1.3 of the Guidelines, the parties hereby stipulate and agree that defendant's total relevant conduct is less than 2.8 grams of cocaine base, pursuant to U.S.S.G. 2D1.1. The parties understand that pursuant to Section 6B1.4(d), the Court is not bound by the above stipulation and is not required to accept same. Mr. Parker understands and agrees that should the Court not accept the above stipulation, he will not have the right to withdraw his plea of guilty.

9.      The defendant agrees that all monetary penalties imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States as provided in 18 U.S.C. § 3613. Furthermore, the defendant agrees to provide all requested financial information to the United States and the U.S. Probation Office, and agrees to participate in a pre-sentencing debtor examination if requested by the U.S. Attorney's Office. The defendant also authorizes the Financial Litigation Unit in the U.S. Attorney's Office to access the defendant's credit report from any major credit reporting agency prior to sentencing in order to assess his financial condition for sentencing purposes. The defendant agrees to complete a financial statement, under penalty of perjury, and to submit the financial statement on the date specified and in accordance with instructions provided by the U.S. Attorney's Office. The defendant further agrees that any schedule of payments imposed by the Court represents the defendant's minimal financial obligation and shall not constitute the only method available to the United States to enforce or collect any criminal monetary penalty judgment. If the defendant is sentenced to a period of incarceration, the defendant agrees to participate in the Federal Bureau of Prisons' Inmate Financial Responsibility Program, even if the Court does not specifically direct participation. In addition, the defendant agrees that the United States, through the Financial Litigation Unit, may submit any unpaid criminal monetary penalty to the United States Treasury for offset in accordance with the Treasury Offset Program, regardless of the defendant's payment status or his story at that time.

| | |
|---|---|
| _Andrew Parker_ | _8/22/19_ |
| Andrew Parker | Date |
| _Deanna L. Pennington_ | _8/22/2019_ |
| Deanna L. Pennington | Date |
| Counsel for Mr. Parker | |

Deanna L. Pennington
July 23, 2019
Page 4

In order to pay any outstanding criminal monetary penalties, the defendant agrees to a voluntary garnishment of 25% of all nonexempt net disposable earnings from any job or employment, to be withheld from his wages, salary or commissions, without prior demand for payment under the Federal Debt Collection Procedures Act, 28 U.S.C. § 3205. The defendant hereby also waives any exceptions that may be applicable under the Consumer Credit Protection Act, 15 U.S.C. § 1673.

10.    If, in the opinion of the United States, the defendant either engages in conduct defined under the Application Notes 4(a) through (k) of Guideline 3C1.1, fails to cooperate as promised, fails to pay the special assessment prior to the sentencing hearing, or violates any other provision of the plea agreement, then the United States will not be bound to make the foregoing recommendations, and the defendant will not have the right to withdraw the plea.

11.    The United States reserves the right to provide to the Court and the United States Probation Office, in connection with any presentence investigation that may be ordered pursuant to Rule 32(c) of the Federal Rules of Criminal Procedure, or in connection with the imposition of sentence should the Court, pursuant to Rule 32(c)(1), not order a presentence investigation, relevant information including Mr. Parker's background criminal record, offense charged in the indictment and other pertinent data appearing at Rule 32(c)(2) of the Federal Rules of Criminal Procedure as will enable the Court to exercise its sentencing discretion. The United States also retains the right to respond to any questions raised by the Court, to correct any inaccuracies or inadequacies in the anticipated presentence report to be prepared by the Probation Office of the Court, and to respond to any written or oral statements made by the Court, by Mr. Parker or his counsel.

12.    Mr. Parker is aware that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging this, and in exchange for the concessions made by the United States in this plea agreement, the defendant waives the right:

a.    to appeal any order, the conviction and any sentence that has a base offense level of twelve (12) or lower or the manner in which that sentence was determined on any ground whatsoever, including those grounds set forth in 18 U.S.C. § 3742;

_____                    _____
Andrew Parker                                               Date  8/22/19

_____                    _____
Deanna L. Pennington                                    Date  8/22/2019
Counsel for Mr. Parker

Deanna L. Pennington
July 23, 2019
Page 5

      b.    to challenge the conviction or the sentence base offense level of twelve (12) or lower or the manner in which it was determined in any post-conviction proceeding, including any proceeding under Title 28, United States Code, Section 2255; and

      c.    all rights, pursuant to 28 U.S.C. § 1291 or any other statute or constitutional provision, to appeal the Defendant's conviction on any ground whatsoever. This includes a waiver of all rights to appeal the Defendant's conviction on the ground that the statute(s) to which the defendant is pleading guilty is unconstitutional, or on the ground that the admitted conduct does not fall within the scope of the statute(s).

      d.    Nothing in the above paragraphs, however, will act as a bar to the defendant perfecting any legal remedies he may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel or prosecutorial misconduct. The defendant agrees that there is currently no known evidence of ineffective assistance of counsel or prosecutorial misconduct.

    13.    If the defendant's plea is not accepted by the Court or is later set aside or if the defendant breaches any part of the agreement, then the Office of the United States Attorney will have the right to void the agreement.

Andrew Parker

8/22/18
Date

Deanna L. Pennington
Counsel for Mr. Parker

8/22/2019
Date

Deanna L. Pennington
July 23, 2019
Page 6

14.     The above thirteen (13) paragraphs constitute the entire agreement between Mr. Parker and the United States of America in the matter.  There are no agreements, understandings or promises between the parties other than those contained in the agreement.

Very truly yours,
William J. Powell
United States Attorney

By:

Zelda E. Wesley
Assistant United States Attorney

As evidenced by my signature at the bottom of the six (6) pages of the letter agreement, I have read and understand the provisions of each paragraph herein and, hereby, fully approve of each provision.

Andrew Parker                                         8/22/19
                                                     Date

Deanna L. Pennington                                 8/22/2019
Counsel for Mr. Parker                               Date